UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY HIATT,

                    Petitioner,

        v.

JEFFEREY PERKINS

                    Respondent.

Case No. 3:25-cv-05790-JHC-TLF

REPORT AND
RECOMMENDATION

Noted for May 16, 2026

Petitioner Ricky Hiatt filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for the crime of rape of a child in the first degree. Dkt. 6, Petition; Dkt. 10-1 at 2-19 (Ex. 1, Judgment and Sentence in Clark County Superior Court Case No. 18-1-03381-06.).

Petitioner presents four grounds for habeas corpus relief: (1) ineffective assistance of counsel; (2) assignment of error; (3) speedy trial violation, and (4) conditions of bail/right to pretrial release. Dkt. 6. On November 13, 2025, respondent filed an answer. Dkt. 9. Petitioner filed objections on November 26, 2025. The petition is ripe for consideration.

For the reasons below, the Court should deny petitioner's request for an evidentiary hearing (Dkt. 11), dismiss the habeas corpus petition with prejudice, and deny the issuance of the certificate of appealability (COA).

REPORT AND RECOMMENDATION - 1

BACKGROUND

A.  Statement of Facts

The facts of petitioner's criminal case are summarized by the Washington State Court of Appeals, Dkt. 10-1, Ex. 6, Court of Appeals unpublished opinion denying PRP. That opinion is attached to this Report and Recommendation; in the interest of brevity, the facts will not be re-stated here.

DISCUSSION

A.     EXHAUSTION OF STATE COURT REMEDIES

The state argues petitioner failed to exhaust state remedies regarding claim four, pretrial bail. Dkt. 9 at 5, Respondent's Answer.

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts an opportunity to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). It is not enough if all the facts necessary to support the federal claim were before the state courts or if a somewhat similar state-law claim was made. *Duncan*, 513

REPORT AND RECOMMENDATION - 2

U.S. at 365–66 (citing *Picard*, 404 U.S. at 275; *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must refer to a specific federal constitutional guarantee, as well as a statement of the facts entitling the petitioner to relief. *Gray v. Netherland*, 518 U.S. 152, 162-163 (1996); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). A petitioner bears the burden of proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

The Court should hold that petitioner exhausted state remedies for petitioner's claims one through three because petitioner's PRP included these claims, and it appears these claims were fully and fairly presented in the motion for discretionary review to the Washington Supreme Court. Dkt. 10-1, at 21-103 (Ex. 2, PRP); Dkt. 10-1 at 300 (Ex. 9, motion for discretionary review); Dkt. 10-1 at 346 (Ex. 10, Washington Supreme Court ruling denying review).

As to claim four, that the trial court should have imposed lower bail during the pretrial proceedings, petitioner exhausted the claim at the Washington Court of Appeals. Dkt. 10-1, Ex. 2 at 33. Yet he did not fully and fairly present the claim to the Washington Supreme Court; he raised the bail claim as a state constitutional issue, not as a violation of federal constitutional law. Dkt. 10-1, Ex. 9 at 327-328. The Court should therefore hold the claim is not properly exhausted and there is no remedy available. The unexhausted claim is also procedurally barred, as discussed below.

B.      Procedural Bar

The state argues that claim four is procedurally barred. Dkt. 9 at 20. Procedural default is distinct from exhaustion in the habeas context. *See*, *e.g.*, *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

The procedural default rule bars consideration of a federal claim when the state court has been presented with the federal claim but: either the state court declined to reach the issue for procedural reasons, or it is clear the state court would hold the claim procedurally barred. *Id.* at 1230–31 (citations omitted). If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted," and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).

In this case, respondent argues that petitioner would be barred from raising the unexhausted claims in state court because the time for filing a personal restraint petition (PRP) has passed and Washington courts would dismiss as successive any personal restraint petition. Dkt. 9 at 20. If petitioner tried to present claim four in a PRP, the state court would find the claims barred by a one-year statute of limitations on the filing of a PRP or other post-conviction challenges. RCW 10.73.090.

Since petitioner did not directly appeal his conviction, his judgment became final on the date "it is filed with the clerk of the trial court" – here, December 29, 2021. RCW 10.73.090(3)(a); *see* Dkt. 10-1, Ex.1 at 2. The deadline for petitioner to timely file his personal restraint petition would have been December 29, 2022. *See* RCW 10.73.090(1), (3)(b). As the one-year state statute of limitations has passed, under Washington law, petitioner is barred from filing a PRP. *See Shumway v. Payne*, 223 F.3d 982, 988 n.22 (9th Cir. 2000) (RCW 10.73.090 has been found by the Ninth Circuit to be an independent and adequate state law barring federal habeas review).

And, under Washington State law, the state court of appeals will not consider a second or successive PRP unless the petitioner certifies he has not filed a previous

REPORT AND RECOMMENDATION - 4

petition on similar grounds and shows good cause as to why he did not raise the grounds in the previous PRP. *See* RCW 10.73.140. Petitioner has not presented facts which could show good cause for his failure to raise his pretrial bail claim. This is another procedural bar because the grounds would be "prohibited by an independent, adequate, and mandatory rule of state procedure, RCW 10.73.140, making a return to state court futile." *See Bolar v. Luna*, No. 2:05-cv-02029-TSZ-JPD, 2007 WL 1103933, at *11 (W.D. Wash. April 10, 2007).

Petitioner would be precluded from raising this claim in state court; therefore, this claim is procedurally defaulted in federal court. *See Coleman*, 501 U.S. at 731–32, 735 n.1; *Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

Procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750)); *see also Shinn v. Ramirez*, 596 U.S. 366, 379 (2022) ("Out of respect for finality, comity, and the orderly administration of justice, . . . federal courts may excuse procedural default only if a prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.") (internal quotations and citations omitted).

REPORT AND RECOMMENDATION - 5

To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also Shinn*, 596 U.S. at 379–80 (citations omitted).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477 U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, petitioner fails to show some objective factor external to his defense prevented him from complying with the state's procedural bar rule and has not shown prejudice. Because petitioner has made no show made no showing of cause or prejudice or a fundamental miscarriage of justice, his claim is not cognizable in a habeas proceeding and should therefore be dismissed.[1]

---

[1] As discussed below, by choosing to plead guilty, petitioner is precluded "from challenging alleged constitutional violations that occurred prior to the entry of that plea." *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir.), *cert. denied*, 113 S. Ct. 225 (1992); *United States v. Broce*, 488 U.S. 563, 573-74 (1989). The

REPORT AND RECOMMENDATION - 6

C.      Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) places limits on how a federal court reviews a state court decision; habeas corpus review under AEDPA is restricted to the question of "whether that [state court] determination was unreasonable". *Shoop v. Twyford,* 596 U.S. 811, 819 (2022). A habeas corpus petition filed under 28 U.S.C. § 2254:

> [S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To apply this statutory analysis, this Court reviews the "last reasoned decision" by the state court – here, the Washington Supreme Court's ruling denying petitioner's motion for discretionary review. *See, Clark v. Broomfield,* 83 F.4th 1141, 1149 (9th Cir. 2023) ("A summary denial is an adjudication on the merits and entitled to deference."). The Deputy Clerk of the Washington Supreme Court issued a reasoned decision, which was approved by Department I (a three-Justice panel) of the Washington Supreme Court when it denied petitioner's motion to modify. Dkt. 10-1 at 346-47 (Ex. 10, ruling of

---

Ninth Circuit has held that: "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." *Moran v. Godinez*, 40 F.3d 1567, 1577 (9th Cir. 1994).

REPORT AND RECOMMENDATION - 7

the Deputy Clerk); Dkt. 10-1 at 358 (Ex. 12, Order of Washington Supreme Court, Department I, denying motion to modify).

A state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law set forth" in the Supreme Court's cases. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams*, 529 U.S. at 405-06). It also is contrary to the Supreme Court's clearly established precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, "and nevertheless arrives at a result different from" that precedent. *Id.*

A state court decision involves an "unreasonable application" of the Supreme Court's clearly established precedent if: (1) the state court "identifies the correct governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case; or (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. The state court decision, however, must be "more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." *Id.*; *see also Schriro*, 550 U.S. at 473.

This is a "'highly deferential standard,'" which "demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists

REPORT AND RECOMMENDATION - 8

could disagree' on the correctness of the state court's decision.'" *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 662, 664 (2004)). "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)). "As a condition for obtaining habeas corpus from a federal court," therefore, "a state prisoner must show that the state court's ruling on the claim being presented was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

      1.      <u>Petitioner's Guilty Plea Precludes Relief on Pre-Plea Alleged Violations</u>

A person who voluntarily and intelligently pleads guilty to a criminal charge may not seek federal habeas corpus relief on the basis of pre-plea constitutional violations. *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985) (citing *Haring v. Prosise*, 462 U.S. 306, 319–20 (1983); *Tollett v. Henderson*, 411 U.S. 258, 266, 267 (1973)). A defendant may only attack the "voluntary and intelligent character of the guilty plea," *Tollett*, 411 U.S. at 267, by showing the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The Supreme Court has explained that:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

REPORT AND RECOMMENDATION - 9

*Tollett*, 411 U.S. at 267 (citing *McMann*, 397 U.S. at 771).

Thus, when a person has pleaded guilty, the only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel. *United States v. Broce*, 488 U.S. 563, 569 (1989); *see Alford v. Villanueva*, No. CV 21-7584 AB (AS), 2022 WL 2056771, at *2 (C.D. Cal. Jan. 21, 2022) ("almost the only pre-plea challenges to survive a guilty plea are whether the plea was voluntary, whether the defendant received ineffective assistance of counsel in deciding to enter his plea, and whether a jurisdictional defect precluded the Government's power to prosecute."). For a plea to be considered voluntary petitioner must understand the nature of the charges, the rights he is waiving, and knowledge of the direct consequences of his plea. *McCarthy v. U.S.* 394 U.S. 459, 464 (1969). The contemporaneous record of the guilty plea hearing and any findings made by the judge accepting the plea, carries a "strong presumption of verity" in assessing the voluntariness of the plea. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A state court's conclusion that a defendant's guilty plea was knowingly, voluntarily, and intelligently made is accorded a presumption of correctness under 28 U.S.C. §§ 2254(d)(2) & (e)(1). *Lambert v. Blodgett,* 393 F.3d 943, 978 (9th Cir. 2004).

In denying the petitioner's motion for discretionary review, the Deputy Commissioner of the Washington Supreme Court rejected petitioner's argument that having to wait for trial because of delays (including some delay that occurred during the COVID-19 pandemic), combined with allegedly severe conditions of confinement, amounted to a coerced guilty plea.

The Court noted that:

REPORT AND RECOMMENDATION - 10

"In his written and signed plea statement, Hiatt represented that he entered the plea freely and voluntarily under no threat or coercion of promises, he orally made the same representations at the entry of the pleas. In this circumstance, the presumption of voluntariness is virtually irrefutable. . . ."

Dkt. 10-1 at 346-47, (Ex. 10); Dkt. 10-1 at 358 (Ex. 12, Order of Washington Supreme Court, Department I, denying motion to modify). The last reasoned decision of the state's highest court concluded petitioner's plea was voluntary because the contemporaneous record shows petitioner's guilty plea was knowingly, voluntarily, and intelligently made and if petitioner had rejected the plea bargain, that would not have been rational under the circumstances. This is consistent with established United States Supreme Court precedent. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010).

In his signed written guilty plea statement, petitioner informed the sentencing court of his understanding of the crimes he was pleading to, stated he had been advised of the rights he would give up by pleading guilty, and the guilty plea form had attachments showing the sentencing consequences for his guilty plea, including the State's agreement to recommend a total sentence of 120 months confinement. Dkt. 10-1 at 488-507 (Ex. 15, Statement of Defendant on Plea of Guilty); Dkt. 10-1 at 440-453 (Ex. 14, transcript of guilty plea hearing).

Hiatt confirmed that he was entering the guilty plea freely and voluntarily, no one had threatened or coerced him into pleading guilty, and no promises had been made to him other than those contained in the plea statement. Dkt. 10-1 at 497 (Ex. 15).

In his PRP to the Court of Appeals, petitioner argued that his plea was involuntary because: (1) length of his pretrial detention was excessive; (2) COVID-19 conditions in detention affected his mental and physical health to a point where he felt

REPORT AND RECOMMENDATION - 11

he needed to take a plea; and (3) his counsel continued his case and failed to advocate for release, and a combination of these three factors coerced him into pleading guilty. Dkt. 10-1, Ex. 6 at 283-84. Noting that whether a guilty plea is knowing, intelligent, and voluntary is a constitutional issue, and citing *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010), the Court of Appeals rejected all three of these arguments and upheld the voluntariness of petitioner's plea:

> Hiatt has not met his burden to show actual and substantial prejudice. He only makes the bare allegation that absent the alleged errors, he simply "would have demanded his right to go to trial on the accusations against him" . . . .He makes no showing that a decision "'to reject the plea bargain [and go to trial] would have been rational under the circumstances.' " *Sandoval*, 171 Wn.2d at 175 (quoting *Padilla*, 559 U.S. at 372). . . .
>
> In fact, nothing in the record shows us that it would have been rational for Hiatt to reject this plea agreement. The initial charges had significant consequences. Hiatt was charged with six counts: three counts of first degree rape of a child, one count of sexual exploitation of a minor, one count of communication with a minor for immoral purposes, and one count of witness intimidation. The three counts of first degree rape of a child all included an allegation of aggravating circumstances. If Hiatt had gone to trial on these charges and been found guilty by a jury, he would have faced significantly more prison time.[2]

Dkt. 10-1 at 284 (Ex. 6).

Petitioner fails to show, under established United States Supreme Court precedent, that the last reasoned decision of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Yarborough*, 540 U.S. at 103. He

---

[2] The Court of Appeals in a footnote, acknowledged petitioner added constitutional claims regarding the length of his pretrial detention leading him to plead guilty, and noted that he waived his right to a speedy trial when he pleaded guilty. Dkt. 10, Ex, 6 at 283 n.3 (citing *Woods v. Rhay*, 68 Wn.2d 601, 606-07 (1966)).

REPORT AND RECOMMENDATION - 12

is precluded from seeking federal habeas corpus relief on the basis of pre-plea constitutional violations since his guilty plea was knowingly, voluntarily, and intelligently made, therefore counts two, three, and four should be dismissed.

        2.      Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).

Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. A defendant must prove (1) that counsel's performance was deficient and, (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Id*. at 697.

Under the first prong of the *Strickland* test, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. Judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. In order to prevail on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel's challenged actions might be considered sound trial strategy. *Id*.

REPORT AND RECOMMENDATION - 13

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. In order to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

In the context of counsel's advice to plead guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). This test is not subjective but is an objective standard. *Id.* at 59–60. For example, the alleged failure to pursue exculpatory evidence is not prejudicial in the case of a guilty plea if it would not have affected the outcome of a trial because a defendant under an objective standard would not have insisted on going to trial. *Hill,* 474 U.S. at 59–60; *Sanchez.*

On federal habeas corpus review under AEDPA, considering an ineffective assistance of counsel claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington,* 562 U.S. at 101. Under this "doubly deferential" standard, "a federal court may grant relief only if *every* 'fairminded juris[t]' would agree that *every* reasonable lawyer would have made a different decision." *Dunn v. Reeves*, 594 U.S. 731, 739–40 (2021) (quoting *Harrington*, 562 U.S. at 101) (emphasis in original).

As the Supreme Court explained in *Harrington*, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "[E]ven if there is reason to

REPORT AND RECOMMENDATION - 14

think that [trial] counsel's conduct 'was far from exemplary,' a court still may not grant relief if '[t]he record does not reveal' that counsel took an approach that no competent lawyer would have chosen." *Dunn*, 594 U.S. at 739 (quoting *Burt v. Titlow*, 571 U.S. 12, 22–23 (2013)).

In this case, petitioner alleges that his defense attorney was the primary cause of his allegedly coerced plea. Dkt. 6 at 5.

To justify granting habeas corpus relief, the Court would be required to find that the Washington Supreme Court's decision denying review of the Washington Court of Appeals' PRP decision is an objectively unreasonable application of Supreme Court precedent. *Wilson v. Sellers,* 584 U.S. 122, 1191-92 (2018); *Lockyear v. Andrade,* 538 U.S. 63, 69 (2003). The petitioner must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error. . . beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. at 103 (2011).

In the Washington Supreme Court's decision denying discretionary review, the Deputy Commissioner discussed defense counsel's competency:

> Hiatt also urges that defense counsel's ineffectiveness deprived him of hope that he could prevail at trial. But he does not show that he had reason to believe counsel would have failed to provide competent representation at trial. He cites counsel's slow trial preparation, but he does not cite anything that would raise concern that counsel was unprepared by the time trial was ultimately scheduled to begin.

Dkt. 10-1 at 347 (Ex. 10).

Under the plea deal, petitioner faced 93-123 months in prison, but as initially charged, he was subject to the minimum range of 240-318 months. Dkt. 10-1 at 284-85, (Ex. 6). The sentencing court imposed the maximum sentence available under the plea

REPORT AND RECOMMENDATION - 15

deal and commented Hiatt "imposed a reign of terror," inflicted "utter devastation," and that the sentencing court was "shocked" by Hiatt's crimes. Dkt. 10-1 at 480 (Ex. 14).

This Court should hold that the last reasoned decision of the Washington Supreme Court, denying the motion for discretionary review, did not unreasonably apply clearly established federal law in rejecting petitioner's ineffective assistance of counsel claim regarding his guilty plea. The state court reasonably decided that if petitioner had rejected his lawyer's advice and not entered into the plea agreement, that would not have been rational under the circumstances. This is consistent with established United States Supreme Court precedent. *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010).

Hiatt has not shown that the state court's adjudication of his ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established federal law. The Court therefore recommends that claim one for ineffective assistance of counsel be dismissed.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under § 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court in *Shinn* held that when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not consider any facts beyond the factual record presented to the state post-conviction relief court – unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022).

The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, petitioner's claims may be resolved on the existing state court record.

CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should

REPORT AND RECOMMENDATION - 17

address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 14, 2026, as noted in the caption.

Dated this 29th day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 18

Filed
Washington State
Court of Appeals
Division Two

December 24, 2024

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>RICKY GENE HIATT,<br><br>Petitioner. | No.  57720-8-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — In this personal restraint petition (PRP), Ricky G. Hiatt seeks relief from restraint following his guilty plea to first degree rape of a child.  Hiatt alleges that his restraint is unlawful because his guilty plea was involuntary.  We deny Hiatt's PRP.

## FACTS

In December 2018, Hiatt was accused of sexually abusing his granddaughter and grandson. The State charged him with three counts of first degree rape of a child, one count of sexual exploitation of a minor, and one count of communication with a minor for immoral purposes.  All three counts of first degree rape of a child alleged aggravating circumstances based on abuse of a position of trust, and two of the three alleged the additional aggravating circumstance of an ongoing pattern of sexual abuse of a minor.  The State later added a sixth count of witness intimidation.

As the case proceeded, the defense requested nine continuances for things like conducting discovery, interviewing witnesses, accommodating witness availability, and accommodating delays related to the COVID-19 pandemic.  For each requested continuance, Hiatt signed a waiver of his right to a speedy trial.  The superior court granted each request.

279

Exhibit 6
Page 1 of 8

No. 57720-8-II

In November 2021, Hiatt agreed to plead guilty.  As part of a plea agreement, the State dismissed five of the six counts and all of the aggravating factors.  Hiatt's only remaining charge was a single count of first degree rape of a child.  Based on Hiatt's criminal history (he had no previous felony convictions), he faced the following sentencing range:

| Count | Offender Score | Seriousness Level | Minimum Term (Standard Range) | Aggravating Factors | Maximum Term[1] | Indeterminate Sentencing Review Board Authority |
|---|---|---|---|---|---|---|
| 1 | 0 | XII | 93-123 months | - None - | Life in prison and/or a $50,000 fine | Yes |

See Clerk's Papers (CP) at 100.[2]  The plea agreement provided that the State would recommend an indeterminate sentence with a minimum term of 120 months.

Hiatt pleaded guilty on November 12, 2021.  In his written statement of defendant on plea of guilty and during his colloquy with the superior court, Hiatt confirmed that he understood the terms of his plea agreement, that he entered into it freely and voluntarily, and that by pleading guilty he was waiving his right to a speedy and public trial.

Hiatt's granddaughter and her mother, D. West, both spoke at the sentencing hearing. Hiatt's granddaughter told her story of how Hiatt developed a pattern of sexually abusing her, beginning in 2016 at "a father daughter dance—a Cinderella story."  Verbatim Rep. of Proc. (VRP) at 103.  She described the abuse and how extensive it was, stating,

---

[1] RCW 9.94A.507(3)(b) requires that an individual convicted of sexual offenses, including first degree rape of a child, be sentenced to an indeterminate sentence with a maximum term of the statutory maximum sentence for the offense.  Here, that maximum term was life. See RCW 9A.44.073; RCW 9A.20.021.

[2] RCW 9.94A.515; RCW 9.94A.510; RCW 9A.20.021; RCW 9A.44.073.

Exhibit 6
Page 2 of 8

No. 57720-8-II

> These occurrences went on for years, eating away at me, until I almost didn't know who I was. I even started lying to my mom and to cover for him.

VRP at 104. She asked the superior court to impose a sentence greater than the 120 months recommended by the State.

West spoke next and explained how her daughter had hidden the abuse from her, and she only learned of it when she found sexually explicit text messages and images on her daughter's phone. Like her daughter, West also asked the superior court to impose a sentence higher than the State's recommendation, stating, "[Hiatt] should spend the rest of his life behind bars" because her daughter "has to live with this for the rest of her life." VRP at 111.

Prior to its sentencing decision, the superior court commented on the seriousness of the facts:

> [W]ithout a doubt, you imposed nothing but utter devastation upon that family. You have engaged in a [reign] of terror . . . .

> When I reviewed the presentence investigation report, I was absolutely shocked. I was well aware of many of the facts but I am just devastated in reading some of that information.

VRP at 118. Following its comments, the superior court departed from the State's recommendation and sentenced Hiatt to an indeterminate sentence with the highest possible minimum term under the standard range of 123 months.

Hiatt filed a timely PRP.

ANALYSIS

Hiatt seeks collateral relief in his PRP based on the claim that his guilty plea was coerced and involuntary. He argues that his plea was involuntary because of the extensive length of his pretrial detention, the conditions of that detention, and his lost faith in his defense counsel's ability

3
281

Exhibit 6
Page 3 of 8

No. 57720-8-II

to effectively represent him at trial.  However, because Hiatt fails to show that any of his grounds for relief resulted in actual and substantial prejudice, we deny Hiatt's petition.

A personal restraint petition is a collateral attack made on a final judgment or sentence in a criminal case that resulted in the petitioner's limited freedom, confinement, or "some other disability."  RAP 16.4.  "[C]ollateral attacks on convictions made through a PRP are allowed only in 'extraordinary' circumstances.' "  *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022) (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011)).  Petitioners must overcome a high burden "before this court will disturb a settled judgment."  *Kennedy*, 200 Wn.2d at 12.

To obtain relief in a personal restraint petition, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or the even higher burden of a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice.  *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016).  To meet their burden, the petitioner must state with particularity facts that, if proven, would entitle them to relief.  *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).  Bald assertions, conclusory statements, or arguments made in only broad, general terms are insufficient.  *Id.* at 886; *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327-28, 394 P.3d 367 (2017).

Whether a guilty plea is knowing, intelligent, and voluntary is a constitutional issue; therefore, in a personal restraint petition based on the voluntariness of a plea, the petitioner must show actual and substantial prejudice.  *See In re Pers. Restraint of Hews*, 99 Wn.2d 80, 87, 660 P.2d 263 (1983); *Swagerty*, 186 Wn.2d at 807.  To show this level of prejudice, the petitioner must show that there is a reasonable probability that the petitioner would not have pleaded guilty

Exhibit 6
Page 4 of 8

No. 57720-8-II

and would have instead insisted on going to trial. *State v. Sandoval*, 171 Wn.2d 163, 174-75, 249 P.3d 1015 (2011); *State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018). "A 'reasonable probability' exists if the defendant 'convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Sandoval*, 171 Wn.2d at 175 (alteration in original) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). "Rationality is an objective inquiry informed by the circumstances of the defendant." *Buckman*, 190 Wn.2d at 66-67. Therefore, " '[a] bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice,' regardless of whether that allegation is credible or not." *Id.* at 67 (alteration in original) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993)).

Here, Hiatt makes three arguments as to why his guilty plea was involuntary. First, he claims that the length of his pretrial detention was excessive and resulted in a coerced guilty plea.[3] Second, he relatedly argues that the conditions he experienced in pretrial detention during the early days of the COVID-19 pandemic took a toll on his mental and physical health to the point where "[he] was forced to take a plea as it seemed the only way to end the agonizing and interminable limbo in which he found himself." Pet'r's Suppl. Br. at 27; *see* Pet. App. C at 4-5. Third, he

---

[3] In Hiatt's supplemental brief, he appears to raise additional constitutional claims connected to his argument that the length of his pretrial detention caused him to plead guilty, including a violation of his right to a speedy trial and excessive pretrial financial release conditions. To the extent that Hiatt is making these separate constitutional claims, we decline to address them on the merits. A defendant waives their right to a speedy trial when they plead guilty. *Woods v. Rhay*, 68 Wn.2d 601, 606-07, 414 P.2d 601 (1966). And any challenge to Hiatt's financial release conditions is moot because Hiatt is now serving his sentence—reducing or eliminating his financial release conditions would not provide him with any relief. *See State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (" 'A case is moot if a court can no longer provide effective relief.' ") (quoting *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995)).

Exhibit 6
Page 5 of 8

No. 57720-8-II

argues that he received ineffective assistance of counsel because his defense attorney unnecessarily continued his case and "unreasonably failed to advocate for pre-trial release," all of which coerced him into pleading guilty.  Pet'r's Suppl. Br. at 30.

For all three of these arguments, Hiatt has not met his burden to show actual and substantial prejudice.  He only makes the bare allegation that absent the alleged errors, he simply "would have demanded his right to go to trial on the accusations against him."[4]  Pet'r's Suppl. Br. at 19.  He makes no showing that a decision " 'to reject the plea bargain [and go to trial] would have been rational under the circumstances.' "  *Sandoval*, 171 Wn.2d at 175 (quoting *Padilla*, 559 U.S. at 372).

In fact, nothing in the record shows us that it would have been rational for Hiatt to reject this plea agreement.  The initial charges had significant consequences.  Hiatt was charged with six counts: three counts of first degree rape of a child, one count of sexual exploitation of a minor, one count of communication with a minor for immoral purposes, and one count of witness intimidation.  The three counts of first degree rape of a child all included an allegation of aggravating circumstances.  If Hiatt had gone to trial on these charges and been found guilty by a jury, he would have faced significantly more prison time.  For example, with Hiatt's criminal history, a single count of first degree rape of a child would have been punishable by an indeterminate

---

[4] In his reply brief, Hiatt contends that given his age and the reduced life expectancy of prison inmates, it would have been rational for him to go to trial instead of plead guilty because "[a] minimum term of 123 months is essentially a life sentence for him."  Pet'r's Reply Br. at 4.  But this contention seems to presume that no elderly defendant would ever be incentivized to plead guilty, because, given their age, any length of sentence could potentially be a "life sentence."  This is unsupported.  Hiatt could be released at the age of 74 under his current sentence, an achievable age for someone who is already 67.

Exhibit 6
Page 6 of 8

No. 57720-8-II

sentence with a mandatory minimum range of 240 to 318 months.[5]  It is also very possible that the superior court would have imposed a sentence well in excess of the bottom of that range because the aggravating circumstances could have provided a basis to impose a standard range sentence at the high end of the sentencing range or provided substantial and compelling reasons to impose an exceptional sentence above the standard sentencing range.  In fact, from the superior court's comments at sentencing about the seriousness of the facts, a high sentence was not only possible, but would have been likely.

Further, the case against Hiatt was strong; there were text messages and photos between Hiatt and his granddaughter and, based on the detailed statements and sentencing recommendations made by Hiatt's granddaughter and her mother during sentencing, these witnesses appeared willing to provide compelling testimony against him.

With these consequences and risks in mind, Hiatt received an exceptionally favorable plea agreement.  Under the agreement, the State dismissed five of the six charges and dismissed all of the aggravating circumstances.  The lowest minimum term for his indeterminate sentence dropped from 240 to 93 months.  And what Hiatt actually received as a result of the plea, 123 months, is almost half of the minimum he would have faced if he had gone to trial, even without considering the likely possibility that the superior court would have imposed a sentence well in excess of this minimum.

Thus, given the significant reduction in time Hiatt received by accepting the plea agreement coupled with the strength of the evidence of guilt, we are not convinced that a decision to reject the plea agreement would have been rational under the circumstances.  Accordingly, Hiatt has not

---

[5] *See* CP at 1-2; RCW 9.94A.525; RCW 9.94A.515; RCW 9.94A.510.

Exhibit 6
Page 7 of 8

No. 57720-8-II

met his burden to show that accepting the plea agreement actually and substantially prejudiced him.

CONCLUSION

We deny Hiatt's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
PRICE, J.

We concur:

_____
MAXA, P.J.

_____
CHE, J.

Exhibit 6
Page 8 of 8